OPINION
Appellant Richard Cawrse appeals the decision of the trial court convicting him upon his guilty plea to assault and kidnaping and sentencing him accordingly. Cawrse assigns the following error for our review:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE A TERM OF INCARCERATION OF EIGHT YEARS ON A FELONY OF THE FIRST DEGREE. THIS SENTENCE IS NEARLY THE MAXIMUM OF THE SENTENCING GUIDELINES SET FORTH IN THE OHIO REVISED CODE.
Having reviewed the record and the legal arguments of the parties, we reverse and remand the decision of the trial court. The apposite facts follow.
On March 25, 1998, Richard Cawrse was indicted for kidnaping, attempted rape, and felonious assault after an attack on a female jogger. On May 21, 1998, Cawrse pleaded guilty to assault and kidnapping. A sentencing hearing was held on August 12, 1998. The trial court discussed a letter received from the victim in which she described her continuing fear as a result of the incident and stated that she was afraid to appear in court for the sentencing hearing. The trial court also reviewed a sentencing memorandum submitted by Cawrse and a presentence investigation report. The court also heard testimony from the detective who investigated the case as well as a victim advocate who described their conversations with the victim. Both told the court that the victim was extremely fearful, suffered from flashbacks and nightmares, and that she no longer felt safe in her home. Victim advocate Lynn Hammond testified as follows:
 She's definitely suffering from posttraumatic stress disorder. She's been referred for counseling. She is having a lot of emotional pain from this. And that's one of the reasons she hasn't gone to counseling before this, because she knows that she will have to face that pain if she does. So I'm very much concerned about that and about her fear, ongoing fear, of the defendant. That's one of the reasons she's not here, because she doesn't want him to see her face.
(Tr. 5-6.)
Cawrse's trial counsel argued that Cawrse was employed, that he had no prior criminal record, and that several of his friends and family members had written letters on his behalf. Cawrse's trial counsel also argued that Cawrse confessed his crime to the police and that the victim suffered no serious physical harm from the attack. He also told the trial court that Cawrse was receiving anger management counseling and was taking medication to help control his anger and anxiety. Cawrse expressed remorse for the incident, describing it as "the biggest mistake I've ever made in my life." (Tr. 12.)
The trial court made the following statement on the record:
 The court is very concerned about what happened in this case and then is mandated, as to the community at large, as to your further actions. And it can always be argued that we can't predict what's going to happen in the future, but based on your past, and based on — let's call her Jane Doe, the victim in this case, what you did to Jane Doe in the case is just incomprehensible. It's — inappropriate is not a strong enough word. It's outrageous. And I know many people in this country believe, rightly or wrongly, that the justice system does not respond to in this courtroom, this Court does respond, and you must understand that what you did to this woman is sentence her to many, many years of just a nightmare that she's going through. So that you're aware of what she's going through, she said, "I'm serving a sentence of anger, fear, helplessness. My life has been permanently altered to accommodate these emotions."
(Tr. 14.)
Cawrse was sentenced to eight years in prison for kidnapping and a concurrent term of six months for assault. This appeal followed.
In his first assignment of error, Cawrse challenges his sentence, arguing that the sentence was improper in light of the fact that he had no prior convictions. He argues the trial court failed to properly consider the factors outlined in R.C.2929.14(B) and that the court failed to outline any statutory factors to support its sentence. Cawrse urges us to follow Statev. Kimmie (July 2, 1998), Cuyahoga App. No. 72904, unreported, appeal dismissed (1998), 84 Ohio St.3d 1408 in which we held that a trial court erred in imposing the maximum sentence upon Kimmie
without setting forth on the record all the factors it considered relevant in determining the sentence. However, Cawrse' s reliance on Kimmie is misplaced because, unlike Kimmie, Cawrse was not given the maximum available sentence in this case.
Cawrse argues that he was entitled to receive the minimum sentence under R.C. 2929.14(B) which provides that "if the offender has not previously served a prison term the court must impose the shortest sentence unless the court establishes on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." According to Cawrse, the trial court failed to set forth on the record its reasons for imposing such a harsh sentence upon him.
The Ohio Supreme Court addressed this issue in State v.Edmonson (1999), 86 Ohio St.3d 324, 326.
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons.
See, also, State v. Eichner (October 8, 1999), Lucas App. No. L-98-1370, unreported. ("For a first time prison term, the Ohio Supreme Court determined in Edmonson that the trial court must state one or both of the phrases, "demean the seriousness of the offender's conduct' or `will not adequately protect the public from future crime by the offender or others.'") In this case, the trial court did not make such a finding on the record or in its journal entry. Cawrse's first assignment of error is well-taken. Accordingly, the case is remanded to the trial court for resentencing.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANN L. KILBANE, J., CONCUR.